IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN GABRIEL MOLINA, 1636345,  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>WILLIAM STEPHENS, Director, TDCJ-CID,  )<br>Respondent.  )  | No. 3:14-CV-1981-D |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

### I.     Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction and sentence for aggravated robbery with a deadly weapon. *State of Texas v. Juan Gabriel Molina*, No. F-0952610-U (291st Jud. Dist. Ct., Dallas County, Tex., April 1, 2010). He was sentenced to forty years in prison.

On August 19, 2011, the Fifth District Court of Appeals affirmed the conviction and sentence. *Molina v. State*, No. 05-10-00503-CR, 2011 WL 3633690 (Tex. App. – Dallas 2011, pet. ref'd). The Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review.

On March 17, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Molina*, No. 79,631-01. On February 2, 2014, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On May 22, 2014, Petitioner filed the instant § 2254 petition. He argues he received ineffective assistance of counsel which rendered his guilty plea involuntary.

On August 4, 2014, Respondent filed his answer. On November 3, 2014, Petitioner filed a reply. The Court now finds the petition should be denied.

## II.   Discussion

**1.   Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may

grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

2.   **Guilty Plea**

Petitioner argues his guilty plea was involuntary due to the ineffective assistance of counsel. He states his counsel told him that if he accepted the State's offer to drop an enhancement paragraph, the prior conviction in the enhancement would not be in evidence before the jury on sentencing.

Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

The record shows that Petitioner was charged with three cases: (1) the aggravated robbery charge which he challenges in this petition; (2) assault of a public servant; and (3) unlawful possession of a firearm by a felon. The Court informed Petitioner that the State offered a plea bargain of twenty-five years on the aggravated robbery charge and twenty years on the other two charges, all to run concurrently. (Trial Tr. Vol. 2 at 5-6.) Alternatively, the State offered to drop the enhancement paragraphs on all three charges and Petitioner could go to the jury or the court

for sentencing. (*Id.* at 7-8.) The court also informed Petitioner of his right to a jury trial on the charges. (*Id.* at 6.) Petitioner stated he understood these options and the charges. (*Id.* at 10-12.)

The court further explained Petitioner's range of punishment. The court stated that if Petitioner proceeded to trial with the enhancement paragraph, his sentence range for the aggravated robbery charge was 20 years to 99 years. (*Id.* at 9.) If Petitioner accepted the plea offer to drop the enhancement paragraph, Petitioner's sentence range was 5 years to 99 years. (*Id.*) Petitioner stated he understood the range of punishment. (*Id.* at 12-13.)

Petitioner informed the court that he wanted to accept the State's offer to strike the enhancement paragraph from the aggravated robbery charge and the unlawful possession of a firearm charge, and that he wanted a jury to determine his sentence. (*Id.* at 10-11.) Petitioner decided to postpone any disposition of the assault of a public servant charge.

The State entered into evidence Petitioner's signed judicial confession and stipulation of evidence in which Petitioner admitted that he committed the aggravated robbery. (*Id.* at 14; *Ex parte Molina* at 45.) Petitioner stated that he was pleading guilty freely and voluntarily. (*Id.* at 12.) Petitioner has failed to establish that his guilty plea was involuntary.

3. **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated

that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel informed him that striking the enhancement paragraph would prevent the jury from hearing evidence about that prior conviction during sentencing.

On state habeas review, Petitioner's counsel submitted an affidavit disputing Petitioner's claims. Defense counsel stated:

> I would never tell any defendant that striking an enhancement paragraph removes it from the case. I would not have advised him that he would not be impeached because the enhancement paragraph had been stricken. Beyond that, under Article 37.07, Texas Code of Criminal Procedure, the State always introduces evidence of prior convictions. . . .
>
> I make it a practice to advise the defendant that should he testify, the State will seek to impeach him with evidence of prior felony convictions and crimes of moral turpitude.

*Ex parte Molina* at 13-14.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 5**

Additionally, although Petitioner claims he received no benefit from the plea bargain, striking the enhancement paragraph lowered Petitioner's minimum sentence from twenty years to five years. At sentencing, Petitioner asked the jury to sentence him to five years. (Trial Tr. Vol. 3 at 93.)

Petitioner has failed to show that the state courts' decision to deny relief is contrary to or involves an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 21 day of May, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).